# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DEANDRE MITCHELL; ADEL HIAT; and MATTHEW MOORE, | |
| Plaintiffs, | CIVIL ACTION NO.: 6:15-cv-63 |
| v. | |
| CAPTAIN JOHN STATEN; and BULLOCH COUNTY JAIL, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Deandre Mitchell ("Mitchell") who is currently housed at the Bulloch County Jail in Statesboro, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, and state law contesting certain conditions of his confinement. The Court has conducted the requisite frivolity review of that Complaint. As set forth below, I **RECOMMEND** that the Court **DISMISS** Mitchell's claims against the Bulloch County Jail in their entirety and **DISMISS** all claims asserted on behalf of Adel Hiat and Matthew Moore. Further, the Court should **DISMISS** Mitchell's monetary claims under the RLUIPA and Mitchell's Section 1983 compensatory and punitive damages claim. Additionally, the Court should **DISMISS** Mitchell's state law conversion claim against Defendant Staten. However, Mitchell's RLUIPA claims for injunctive relief against Defendant Staten and his Section 1983 claims for injunctive relief and nominal damages against Defendant Staten shall proceed.

Additionally, the Court provides instructions to the parties on the future litigation of this case which they are urged to read and follow.

## BACKGROUND[1]

Plaintiff Deandre Mitchell is a practicing Muslim imprisoned at Bulloch County Jail. (Doc. 1, p. 5.) On May 26, 2015, Mitchell returned to the Jail from Bulloch County Superior Court. Id. Upon arrival at his cell, Mitchell was told by another inmate that a "shake down" of the dorm was conducted, and Mitchell's Quran was taken. Id. Mitchell wrote a grievance to Defendant Captain John Staten explaining that the Quran had been taken and that Mitchell could not practice his religion without his Quran. Id. Despite this correspondence, nothing has occurred regarding compensating Mitchell of the taking of the Quran or returning the Quran to him. Mitchell lists Matthew Moore and Adel Hiat as other Muslims that are incarcerated with him at Bulloch County Jail. Id.

## STANDARD OF REVIEW

Mitchell seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

2

frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims Against Bulloch County Jail

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty. Ga., 335 F.3d 1326, 1343 11th Cir. 2003). Consequently, a county jail is not a viable defendant under Section 1983. Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983."). Accordingly, the Court should **DISMISS** Mitchell's claims against Defendant Bulloch County Jail.

## II.     Claims on Behalf of Other Inmates

Plaintiff Mitchell lists Adel Hiat and Matthew Moore as other Muslims that are incarcerated with him at Bulloch County Jail; and Mitchell names these individuals as Plaintiffs in this case.  However, Hiat and Moore did not sign the Complaint or make any other indication that they are joining in this action.  Mitchell clearly does not have standing to seek an award of damages on behalf of other inmates in the Bulloch County Jail.  A plaintiff invoking federal court jurisdiction must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision."  Tanner Adver. Group v. Fayette County, 451 F.3d 777, 791 (11th Cir.2006).  In order to have standing to bring a claim, a plaintiff must assert his own legal rights and interests, not those of a third party. Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir.1994).  Consequently, Mitchell does not have standing to seek damages on behalf of other inmates at the Bulloch County Jail for violations of the rights of those inmates.  Mitchell also cannot maintain a claim for injunctive relief on behalf of other inmates currently in custody at the Bulloch County Jail, as he lacks standing to raise claims regarding the violation of other inmates' constitutional rights.  James v. Adams, No. 3:09–cv–915–J–34JRK, 2010 WL 51611642, at *8 (M.D.Fla. Dec. 14, 2010) ("Plaintiff's request for injunctive relief on behalf of CM prisoners housed at FSP is improperly before this Court. Plaintiff cannot represent the interests of other inmates; they may initiate their own separate civil rights actions and seek relief.").  Consequently, Mitchell's claims on behalf of Moore and Hiatt should be **DISMISSED**, and these individuals should be terminated as plaintiffs in this case.

### III. **RLUIPA Claims**

Though Mitchell does not cite the RLUIPA directly, construing his factual allegations liberally, he invokes that statute. See Jones v. St. Lawrence, No. CV410-066, 2010 WL 2772440, at *2 (S.D. Ga. July 13, 2010) ("While [the plaintiff] has styled this as a 42 U.S.C. § 1983 claim, this case actually arises under both § 1983 and the Religious Land Use and Institutionalized Persons Act . . . ."). The RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). A plaintiff bears "the initial burden of proving" a policy or action "implicates his religious exercise. Holt v. Hobbs, ___ U.S. ___, 135 S. Ct. 853, 862 (Jan. 20, 2015). The RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]" 42 U.S.C. § 2000cc–5(7)(A). A plaintiff also has the burden of establishing the policy or action "substantially burden[s an] exercise of religion." Holt, ___ U.S. at ___, 135 S. Ct. at 862.

The Court notes that Mitchell does not allege that Defendant Staten took his Quran. Rather, he contends an officer under Defendant Staten's supervision took it. Several courts have held that a defendant must have personally participated in an RLUIPA violation in order to be subject to suit under the Act and that supervisory or vicarious liability is not available. See, e.g., Pilgrim v. Artus, No. 9:07-CV-1001 GLSRFT, 2010 WL 3724883, at *14 (N.D.N.Y. Mar. 18, 2010) report and recommendation adopted, No. 9:07-CV-1001 GLSGHL, 2010 WL 3724881

(N.D.N.Y. Sept. 17, 2010) ("Neither the Supreme Court nor the Second Circuit have directly addressed the issue of whether personal involvement is a prerequisite for any valid RLUIPA claim, as it is under § 1983. However, district courts in this Circuit and elsewhere have held that personal involvement is a necessary component of valid RLUIPA claims."); Greenberg v. Hill, No. CIV.A. 2:07-CV-1076, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009) ("In order to establish liability under RLUIPA (and Section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation."). Moreover, denial of a grievance alone does not appear sufficient to impose liability under the RLUIPA. Lowery v. Edmondson, 528 F. App'x 789, 792 (10th Cir. 2013) ("However, [plaintiff] insufficiently pleads personal involvement. First, he identifies no actions on the part of [defendants] that infringed upon his rights. Second, we have previously held that the mere denial of a grievance, which [defendant] allegedly did, is inadequate for personal participation."). However, construing Mitchell's claims broadly, he asked Defendant Staten to provide him with a Quran, a necessary material to practice his religion, and Defendant Staten has refused to do so. See Wilkinson v. Secy, Florida Dep't of Corr., No. 14-11239, 2015 WL 4269267, at *4 (11th Cir. July 15, 2015) ("[Plaintiff's] claims were based not on respondeat superior, but instead on an FDOC policy or custom that allegedly substantially burdened [Plaintiff's] religious exercise. And the claims were advanced not under § 1983 but under RLUIPA. Put differently, [Plaintiff's] claims were predicated on a theory of direct liability rather than of vicarious liability, and were formulated under RLUIPA rather than § 1983. For these reasons, the claims are cognizable, and the district court erred in ruling otherwise."). Thus, at this stage, where the Court construes Mitchell's Complaint liberally and only dismisses those claims that are not plausible, the Court will not dismiss Mitchell's RLUIPA claim against Defendant Staten.

However, Mitchell is limited to seeking injunctive relief under the RLUIPA. "Section 1997 defines an institution as a facility or institution that, among other things, 'is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State.'" Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (quoting 42 U.S.C. § 1997(1)(A)). The "RLUIPA creates a private cause of action for a prison inmate if section 3 is violated, and further provides that the complaining party, if successful, may 'obtain appropriate relief against a government.'" Smith v. Allen, 502 F.3d 1255, 1269 (11th Cir. 2007) (quoting 42 U.S.C. § 2000cc–2(a)), and *abrogated on other grounds by* Sossamon, ___ U.S.___, 131 S. Ct. 1651. "The phrase 'appropriate relief' in [the] RLUIPA encompasses monetary as well as injunctive relief." Id. at 1271. However, "a prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(sic)." Id. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); see also Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.2002) (construing § 1997(e) as barring a prisoner from obtaining compensatory damages for solely mental or emotional harm while he is in custody). Moreover, the Eleventh Circuit has held that Section 3 of the RLUIPA (42 U.S.C. § 2000cc-1) "cannot be construed as creating a private action against individual defendants for monetary damages." Smith v. Allen, at 1275.

For these reasons, the Court should **DISMISS** Mitchell's monetary damages claims under the RLUIPA.

**IV.     Free Exercise Claims**

The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). "To establish a violation of his right to free exercise," a plaintiff "must first establish that a state actor imposed a "substantial burden" on his practice of religion." Wilkinson v. GEO Grp., Inc., No. 14-10215, 2015 WL 1526642, at *2 (11th Cir. Apr. 7, 2015) (citing Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater, 2 F.3d 1514, 1549 (11th Cir. 1993)). To prove that his religious exercise was substantially burdened, a plaintiff "must present evidence that he was coerced to perform conduct that his religion forbids or prevented from performing conduct that his religion requires." Id. The defendants can then support their conduct on the ground that they applied a "neutral law of general applicability[.]" Emp't Div., Dep't of Human Res. of Or. v. Smith, 494 U.S. 872, 879 (1990).

Prisoners retain their First Amendment rights, including rights under the free exercise of religion clause. However, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Brunskill v. Boyd, 141 F. App'x 771, 774 (11th Cir.2005) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, (1987)). "In the prison context, the state actor can defend the action if it is 'reasonably related to legitimate penological interests.'" Wilkinson, 2015 WL 1526642, at *2 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Put succinctly, "[i]n a prison setting, to demonstrate a free exercise violation, a plaintiff must show that prison officials administered or implemented a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which substantially burdens and significantly interferes with the practice of his religion or restricts his free exercise of a sincerely held

9

religious belief." Hosey-Bey v. Williams, No. 2:12-CV-959-WHA, 2015 WL 4988388, at *6 (M.D. Ala. Aug. 19, 2015).

Mitchell's allegation that Defendant Staten has refused to provide him with a Quran sets forth plausible free exercise claims against Defendant Staten. Therefore, his free exercise claim brought pursuant to Section 1983 will survive frivolity review.

However, Mitchell's Section 1983 claims should be limited to claims for injunctive relief and monetary damages. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532.

In Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit stated that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a de minim[i]s physical injury." Id. (internal citations omitted) (alterations in original). Consequently, a prisoner that has not suffered any physical injury cannot recover compensatory or punitive damages. Al-Amin v. Smith, 637 F.3d 1192,

1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) ("Plaintiff seeks nominal, compensatory, and punitive damages. It is clear from our case law, however, that the latter two types of damages are precluded under the PLRA.") abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011).

Nonetheless, the Eleventh Circuit has also stated that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Williams v. Brown, 347 F. App'x at 436 (quoting Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." Id. (quoting Smith v. Allen, 502 F.3d at 1271; see also, Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012) report and recommendation adopted, No. CV 311-044, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) ("Nominal damages are available for violations of the First Amendment.").

In this case, Mitchell has not alleged that he has suffered any physical injury due to Defendants Staten's alleged constitutional violations. Even the loss of his Quran is not attributable to Defendant Staten because Mitchell alleges that another officer took the Quran. Mitchell's only allegations against Staten pertain to actions after the Quran was taken. Accordingly, the Court should **DISMISS** Mitchell's Section 1983 claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1997e(e). However, Section 1997e(e) does not bar Mitchell's Section 1983 claims for nominal damages and injunctive relief.

## V. State Law Conversion Claims

Construing Mitchell's claims broadly, he has attempted to assert pendent state claims for conversion due to the taking of his Quran.[2] However, as noted above, Mitchell does not allege that Defendant Staten took his Quran. To the contrary, he states that it was taken by one of Defendant Staten's officers. (Doc. 1, p. 3.) Moreover, Mitchell does not allege any facts to state a claim that Defendant Staten should be held vicariously liable for the actions of this officer. Parris v. Slaton, 131 Ga. App. 92, 93, 205 S.E.2d 67, 69 (1974) (as a general rule, a public officer is not liable under the respondeat superior doctrine for acts or omissions of his subordinates). Consequently, Mitchell's state law conversion claims against Defendant Staten should be **DISMISSED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Mitchell's claims against the Bulloch County Jail in their entirety and **DISMISS** all claims asserted on behalf of Adel Hiat and Matthew Moore. Further, the Court should **DISMISS** Mitchell's monetary claims under the RLUIPA and Mitchell's Section 1983 compensatory and punitive damages claim. Additionally, the Court should **DISMISS** Mitchell's state law conversion claim against Defendant Staten.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

---

[2] This Court can consider these claims under the supplemental jurisdiction of 28 U.S.C. § 1367 as they arise from the same case and controversy as Mitchell's federal claims.

12

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff Mitchell.

## REMAINING CLAIMS AND DEFENDANT

Mitchell's allegations arguably state colorable claims for relief under 42 U.S.C. § 1983 and the RLUIPA against Defendant Staten. Thus, Mitchell's RLUIPA claims for injunctive relief against Defendant Staten and his Section 1983 claims for injunctive relief and nominal damages against Defendant Staten shall proceed. The Court provides instructions to the parties on the future litigation of this case. Consequently, a copy of Mitchell's Complaint and a copy of this Order shall be served upon Defendant Staten by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANT**

Because Mitchell is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of the Plaintiff Mitchell upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including Plaintiff Mitchell's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.

Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff Mitchell shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending

action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by

17

reliance on the conclusory allegations contained within the complaint.  Should the Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of January, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA